IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01978-WYD-MJW

TIMOTHY SHELINE,

    Plaintiff,

v.

JOE ORTIZ, in his official capacity as Executive Director of Colorado Department of Corrections,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER is before the Court on Defendant's Status Report [# 54], filed on July 11, 2006. Defendant states therein that this matter was settled on June 20, 2006, during a settlement conference with Magistrate Judge Michael J. Watanabe and that the record of the proceedings confirm the substance of the settlement. Defendant also states that counsel prepared a Stipulated Motion for Dismissal and a Release, which were sent to Plaintiff for his signature. (Defendant attached the letter and motion to the Status Report as Exhibit A.) Defendant further states, "When the documents arrived at the Sterling Correctional Facility ("SCF") on June 30, 2006, Sheline refused to accept the documents from the SCF mailroom. The SCF mailroom log bears Inmate Sheline's signature with his notation "Refused." (See Exhibit B, SCF Legal Mail Log). In addition, the envelope also bears the printed and handwritten notation that Sheline refused to accept the documents. (See Exhibit B)." Def.'s Status Report at 1-2. Defendant

ultimately requests that in light of the settlement reached on June 20, 2006, the Court enter an order dismissing this case.

On July 12, 2006, I ordered Plaintiff to respond to Defendant's Status Report and to show cause why this matter should not be dismissed in light of the settlement reached by the parties. On July 18, 2006, Plaintiff's Response was filed with the Court. In his Response, Plaintiff states, "I am unable to sign anything at this time that has anything to do with the above mentioned court action. This action was not filed by me, but by Mark Silverstein of the ACLU. He did not consult me to approve of the content of the action filed . . . ." Pl.'s Resp. at 1. Plaintiff notes that he does not believe Mr. Silverstein's actions were in his best interest and ultimately determines that it is not in his best interest "to sign anything that has to do with this case without the advise [sic] of a reputable and responsible attorney—which I cannot afford." *Id.* at 2. Plaintiff does not address the settlement in this matter directly but instead explains why he believes Mr. Silverstein did not properly represent him. I note that Mr. Silverstein and Megan Lennox, who were both serving as Plaintiff's counsel, were permitted to withdraw from this case on June 19, 2006, and that Plaintiff has been without counsel since that time. Plaintiff participated in the settlement conference on June 20, 2006, without counsel.

I listened to a recording of the June 20th hearing before Magistrate Judge Watanabe, which placed the parties' settlement agreement on the record. The terms of the settlement were stated, and Plaintiff was asked if that was his understanding of the settlement. Plaintiff stated "yes." Plaintiff was then asked if he had any additions or corrections, to which he responded "no." Finally, he agreed with Magistrate Judge

Watanabe that he was asking the Court to approve the settlement as stated on the record.  Upon review of the record, the Court concludes that there is a binding settlement agreement in this case.  The primary condition of the settlement is Plaintiff's agreement to dismiss this case with prejudice.  Accordingly, it is

ORDERED that this case is **DISMISSED WITH PREJUDICE**, each side to bear his own costs and attorney's fees.

Dated:  July 31, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge